# EXHIBIT A

ELECTRONICALLY FILED - 2021 Apr 13 5:29 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001694

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT |
| Adrian Grant,<br><br>    Plaintiff,<br><br>v.<br><br>Ralph Lauren Retail, Inc.; Ralph Lauren Corporation; and Susan Smith,<br><br>    Defendants. | Case No.:    2021-CP-10-_____<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

COMES NOW the Plaintiff, complaining of the Defendant(s), alleging as follows:

## PARTIES AND JURISDICTION

1. The Plaintiff is an African-American citizen and resident of Charleston County, South Carolina, and complains in this action of injuries and damages he sustained as a result of being intentionally, unlawfully, and outrageously victimized by Ralph Lauren's shameful racial profiling practices, perpetrated entirely within Charleston County, South Carolina.

2. Defendant Susan Smith, at all relevant times a store manager for the Polo Ralph Lauren Big & Tall store, is a citizen and resident of Charleston County, South Carolina, and was the employee who carried out the wrongful conduct complained of herein.

3. Defendants Ralph Lauren Retail, Inc. and Ralph Lauren Corporation (together, "Polo Ralph Lauren") are foreign corporations who, individually and collectively, owned, operated, managed, maintained, staffed, and had sole responsibility for all operations and decision making for the two Polo Ralph Lauren stores at the Tanger Outlets shopping plaza in North Charleston, South Carolina.

4. The Court has subject matter and personal jurisdiction, and venue is proper.

ELECTRONICALLY FILED - 2021 Apr 13 5:29 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001694

## GENERAL ALLEGATIONS

5.     On July 1st, 2020, Polo Ralph Lauren, through its manager, Smith—for whose wrongful conduct Polo Ralph Lauren is responsible under *respondeat superior*—subjected its loyal and long-time customer Adrian Grant to blatant racial profiling, in a practice which Polo Ralph Lauren's management subsequently characterized as Polo Ralph Lauren's standard operating procedure. Its July 1st behavior constituted extreme and outrageous conduct, which intentionally, recklessly, and foreseeably caused Grant to suffer severe emotional distress.

6.     Before filing this lawsuit, Adrian Grant made every effort to work with Polo Ralph Lauren, simply to gain understanding of what had happened, why it had happened, and whether there might be some sliver of a viable explanation. Rather than being candid and transparent in response, Polo Ralph Lauren led Grant along, blew him off, claimed it was "investigating" and assured Grant that it would share the results of the investigation. None of that ever happened. Polo Ralph Lauren eventually simply ignored Grant's communications, forcing Grant to the Courts in order to gain some clarity on this incident of obvious racial animus.

7.     Before shutting off all communications, Polo Ralph Lauren told Grant that what he perceived to be racial profiling was "standard policy" for the company, an assertion which does not hold water: Grant had been a regular customer of the store and had never been subjected to racial profiling before. Nevertheless, giving Polo Ralph Lauren the benefit of the doubt, Grant asked Polo Ralph Lauren to share the portion of its policies, procedures, employee manuals, or other materials in which this "standard policy" was memorialized. Polo Ralph Lauren ignored Grant's reasonable request repeatedly.

8.     The timing and circumstances of Polo Ralph Lauren's racial profiling magnified the outrageousness of its conduct, and the trauma and harm suffered by Mr. Grant. Just five weeks

ELECTRONICALLY FILED - 2021 Apr 13 5:29 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001694

earlier, George Floyd was killed by Minneapolis police, sparking extraordinary, nationwide protests for racial justice—including in Charleston, South Carolina—which were ongoing throughout the summer of 2020. The protests expanded—in size, in geographic spread, in media coverage, and in the consciousness of the American and South Carolina public—as a result of other killings in 2020: protests arising from the Breonna Taylor killing ran from May 26th into August, 2020; those from the killing of Ahmaud Arbery began in May 2020; protests, triggered when Rayshard Brooks was killed in Atlanta on June 12th, were ongoing at the time of the incident that is the subject of this lawsuit. With the ongoing hardships and mistreatment of African Americans, so often at the hands of white Americans, at the forefront of their minds, Smith and Polo Ralph Lauren's perpetration of blatant racial profiling exceeded all possible bounds of decency and must be regarded as atrocious utterly intolerable in a civilized community.

9.      With that backdrop, on July 1st, 2020 Adrian Grant—his heart heavy from the racial injustices that then headlined every newspaper, magazine, news website, and television news broadcast; and from his beloved mother's tragic death on June 4th, 2020—made numerous purchases at the Polo Ralph Lauren store at Tanger outlets. Carrying the bag of garments he had just purchased, Grant then walked to the affiliated Polo Ralph Lauren Big & Tall store to make additional purchases. Entering the store, Grant entrusted his bag of purchases to the store manager, Smith, for safekeeping behind the sales desk while he shopped. Smith, motivated solely by appalling racial prejudice, waited until Grant walked away from the sales desk, and surreptitiously rifled through Grant's bag, checking each of the various items against the receipt, conducting a racially motivated, completely unprovoked, utterly shocking shoplifting investigation of a loyal, paying customer.

ELECTRONICALLY FILED - 2021 Apr 13 5:29 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001694

10. When Grant became aware of what had happened, he experienced immediate and intense feelings of victimization, of personal violation, and of having been the target of obvious racism. Already depressed and discouraged and emotionally distraught from his mother's death by Covid-19, and from the historic racial unrest locally and nationwide, the wrongful conduct of Polo Ralph Lauren hit him like an emotional ton of bricks, and the severe distress he has experienced has not abated since.

**FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Intentional Infliction of Emotional Distress/Tort of Outrage)**

11. The Plaintiff realleges each prior paragraph of this Complaint as fully as if set forth herein verbatim.

12. As set forth above, the Defendants intentionally and recklessly inflicted severe emotional distress, which was foreseeably and substantially certain to result from their extreme and outrageous conduct, which exceeded all possible bounds of decency, and which must be regarded as atrocious and intolerable in a civilized society. Grant's emotional distress was proximately caused by the Defendants' behavior, and was so severe that no reasonable person could be expected to endure it.

13. Accordingly, the Plaintiff is entitled to a judgment against the Defendants for all recoverable actual, special, general and punitive damages that the jury deems appropriate.

**FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Trespass to Chattels)**

14. The Plaintiff realleges each prior paragraph of this Complaint as fully as if set forth herein verbatim.

15. As set forth above, the Defendants perpetrated an unauthorized, unjustified, unwanted, and harmful interference with and handling of the Plaintiff's personal property, which proximately caused the property in question to lose value: intrinsic, personal, and monetary.

16. Accordingly, the Plaintiff is entitled to judgment in the amount of his actual damages, along with punitive damages should the jury deem them appropriate under the circumstances of this case.

WHEREFORE, the Plaintiff prays for judgment against the Defendants in an amount of actual damages, and punitive damages if the facts of the case warrant and if the jury deems them appropriate, to be determined at trial, and such other and further relief as the Court shall permit. The Plaintiff requests trial by jury.

                BEN TRAYWICK LAW FIRM, LLC

                s/Alexandra Scott Williams
                Benjamin A. C. Traywick (SC Bar No. 74027)
                Alexandra Scott Williams (SC Bar No. 102862)
                171 Church Street, Suite 340
                Charleston, SC 29401
                T: 843-872-1709
                F: 843-695-7839
                ben@bentraywicklaw.com
                ali@bentraywicklaw.com

                *Attorneys for the Plaintiff*

April 13, 2021
Charleston, South Carolina

ELECTRONICALLY FILED - 2021 Apr 13 5:29 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001694